JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Nicholas Hudak, appeals from the trial court's sentencing order following his guilty plea. Appellant contends that because he had not previously served a prison term, the trial court erred in sentencing him to more than the minimum sentence without engaging in the analysis required by R.C. 2929.14(B) for deviating from the minimum sentence. Finding merit to appellant's appeal, we vacate his sentence and remand for resentencing.
 {¶ 2} The record reflects that on September 11, 2000, the Cuyahoga County Grand Jury indicated appellant in Case No. 395571 on one count of aggravated robbery, in violation of R.C. 2911.01; one count of felonious assault, in violation of R.C. 2903.11; one count of grand theft motor vehicle, in violation of R.C. 2913.02; and one count of arson, in violation of R.C. 2909.03.
 {¶ 3} On December 28, 2000, appellant was indicted in Case No. 400289 on one count of aggravated robbery, in violation of R.C. 2911.01, and one count of felonious assault, in violation of R.C. 2903.11.
 {¶ 4} On February 8, 2001, pursuant to a plea agreement, appellant pled guilty in Case No. 395571 to felonious assault, a second degree felony with a penalty of two to eight years incarceration, and grand theft motor vehicle, a fourth degree felony with a penalty of six to eighteen months incarceration. The two remaining counts were then dismissed. In Case No. 400289, appellant pled guilty to felonious assault, and the remaining count was dismissed.
 {¶ 5} On March 12, 2001, the trial court sentenced appellant. In Case No. 395571, the court sentenced appellant to seven years incarceration on count two, felonious assault, and one year incarceration on count three, grand theft motor vehicle, the sentences to be served concurrently. In Case No. 400289, the trial court sentenced appellant to two years incarceration, to be served consecutively to the sentence imposed in Case No. 395571.
 {¶ 6} Appellant timely appealed, raising one assignment of error for our review:
 {¶ 7} THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED BY OHIO'S SENTENCING SCHEME WHEN IT SENTENCED MR. HUDAK TO HIS FIRST TERM OF IMPRISONMENT FOR LONGER THAN THE MINIMUM SENTENCE AVAILABLE AS REQUIRED UNDER R.C. 2929.14(B), DENYING MR. HUDAK HIS RIGHT TO DUE PROCESS AND MEANINGFUL APPELLATE REVIEW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.
 {¶ 8} Succinctly, appellant contends that because he had not previously served a prison term, the trial court erred in sentencing him in Case No. 395571 to more than the minimum term without engaging in the analysis required by R.C. 2929.14(B) for imposing more than the minimum sentence upon an offender who has not previously served a prison term.
 {¶ 9} In sentencing appellant, the trial court stated:
 {¶ 10} On the felonious assault, felony of the 2nd degree, that is Case No. 395571, 7 years Lorain Correctional Institute. That would be Count 2. Count 3 is grand theft motor vehicle, felony of the 4th degree, 1 year Lorain Correctional Institute.
 {¶ 11} On Case 400289, 2 years Lorain Correctional Institute. In the first case, 395571, those two charges run concurrent. Second case runs consecutive to the first. The Court has to make a finding consecutive terms is (sic) necessary to protect the public and punish the offender. It is not disproportionate to his conduct, and the danger that he poses and the harm is too great and unusual, a single term does not adequately reflect the seriousness of the conduct.
 {¶ 12} In the first case, I point to the severe injuries the victim sustained in this case. And then, the second one is a continuation of criminal conduct. Having done the first, he should not have done the second. We heard from the victim in this case. Credit for time served. Sheriff to calculate. Five years post release control. Also note for the record his juvenile record; domestic violence, drugs, RSP, weapons control. Denies his guilt in the second case.
 {¶ 13} Again, Mr. Rose was in the hospital in a coma for a week with a brain injury. Costs are waived. I consider the fact that you helped in another case, Mr. Hudak, and that is why I didn't max you. Only because of that.
 {¶ 14} Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. R.C. 2929.14(B) states:
 {¶ 15} If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 16} The purpose of recorded findings is to "confirm that the court's decision-making process included all of the statutorily required sentencing considerations." State v. Edmonson, 86 Ohio St.3d 324, 327,1999-Ohio-110. The record must show that a judge "first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." Edmonson, 86 Ohio St.3d at 328.
 {¶ 17} Here, there is no indication in the record that the judge was aware of the presumption afforded appellant in R.C. 2929.14(B) or any indication that he began his analysis from that presumption and then departed from it only after finding that the offenses were so serious or the risk of future harm so great that the presumption was rebutted. The record clearly reflects that the trial court never acknowledged the presumption nor did it, at any time, "note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
 {¶ 18} We reject the State's assertion that the trial judge was not required to state his reasons for departing from the minimum sentence in this case because he "made the proper findings for imposing a consecutive sentence." The statutorily required findings for imposing consecutive sentences are not the same as those required for imposing more than the minimum sentence, cf. R.C. 2929.14(E)(4) and R.C. 2929.14(B), and, therefore, making the appropriate findings for imposing consecutive sentences does not relieve the trial court of its obligation to engage in the necessary analysis for deviating from the minimum sentence.
 {¶ 19} Moreover, contrary to the State's argument, this case is not like those cases in which we have held that the trial court is not required to make findings pursuant to R.C. 2929.14(B), even when the defendant has not previously served a prison term, where the court makes the required findings under R.C. 2929.14(C) justifying a maximum term of incarceration. See, e.g, State v. Berry (June 14, 2001), Cuyahoga App. No. 78187 and State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908. In those cases, we concluded that the plain language of the statute renders R.C. 2929.14(B) inapplicable when an offender is sentenced to a maximum prison term pursuant to R.C. 2929.14(C). There is no such "plain language" in the statute, however, rendering R.C. 2929.14(B) inapplicable if a trial judge complies with R.C. 2929.14(E)(4) in imposing consecutive sentences.
 {¶ 20} Appellant's assignment of error is therefore sustained. Appellant's sentence is vacated and the case is remanded for resentencing in according with this opinion.
This cause is remanded to the Cuyahoga County Common Pleas Court for further proceedings consistent with the opinion herein. It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and DIANE KARPINSKI, J. CONCUR.